NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT A. KAYAL, MD, FAAOS, FAAHKS as JOHN D.'s attorney-in-fact,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA HEALTH and LIFE INSURANCE CO. and PMI GLOBAL SERVICES, INC.,<br><br>Defendants. | Civil Action No. 23-03808<br><br>**OPINION**<br><br>June 12, 2024 |

**SEMPER**, District Judge.

The current matter comes before the Court on Cigna Health and Life Insurance Company ("Cigna") and PMI Global Services, Inc.'s ("PMI") (together, "Defendants") Motion to Dismiss Robert Kayal's ("Plaintiff") Second Amended Complaint (ECF 11, "SAC"), pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF 19; ECF 20, "MTD.") Plaintiff opposed the motion. (ECF 22, "Opp.") Defendants filed a reply. (ECF 23, "Reply.") Plaintiff initiated this action as attorney-in-fact for his medical practice's patient "John D.," to recover unpaid benefits from defendants under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* The Court has decided this motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 78.1. For the reasons stated below, Defendants' Motion to Dismiss is **GRANTED**.

I.     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

On June 28, 2022, John D. underwent a surgical procedure at Hudson Regional Hospital performed by Dr. Paul S. Bagi, a provider with Kayal Medical Group, LLC. (ECF 11, SAC ¶¶ 11-13.) At the time of the surgery, John D. had health insurance through his employer, PMI Global Services, Inc., which provided health insurance benefits via a group insurance contract administered by Cigna Health and Life Insurance Company (the "Plan"). (*Id.* ¶¶ 9-10; Ex. G.) Following John D.'s procedure, Defendant Cigna was billed by way of health insurance claim forms in the amount of $140,600.00. (*Id.* ¶ 16.) On November 23, 2022, Defendants allowed reimbursement for the services rendered by Kayal Medical Group in the amount of $1,759.17. (*Id.* ¶ 19.) Kayal Medical Group appealed Cigna's determination for reimbursement. (*Id.* ¶¶ 44-45.)

On June 7, 2023, Plaintiff filed a civil action in the Superior Court of New Jersey, Law Division, Bergen County. (ECF 1.) On July 17, 2023, Defendants removed the case to federal court. (*Id.*) Plaintiff filed a Second Amended Complaint on October 10, 2023. (ECF 11, SAC.) Defendants moved to dismiss pursuant to Rule 12(b)(6). (ECF 19; ECF 20, MTD.) Plaintiff opposed, and Defendants replied. (ECF 22, Opp.; ECF 23, Reply.)

II.     **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." For a complaint to survive dismissal under the Rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim

---

[1] The facts and procedural history are drawn from the Second Amended Complaint (ECF 11, SAC), Defendants' Motion to Dismiss (ECF 19; ECF 20, MTD), Plaintiff's Opposition (ECF 22, Opp.), Defendants' Reply (ECF 23, Reply), and documents integral to or relied upon by the FAC. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). For the purposes of the motion to dismiss, the facts are drawn from the SAC are accepted as true. *See Fowler v. UMPC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

### III.  ANALYSIS

ERISA Section 502(a) provides that a "participant" or "beneficiary" may bring a civil action to, *inter alia*, "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "Participants" are limited to employees (current or former) eligible to receive benefits under a covered plan, and "beneficiaries" are persons designated by a participant to receive plan benefits. § 1002(7), (8). Health care providers fall into neither category; however, "a valid assignment of benefits by a plan participant or beneficiary transfers to such a provider both the insured's right to payment under a plan and his right to sue for that payment." *Am. Orthopedic & Sports Med. v. Indep. Blue Cross Blue Shield*, 890 F.3d 445, 449-50 (3d Cir. 2018) (citing *N. Jersey Brain & Spine Ctr.*, 801 F.3d at 372). Such "derivative standing" is foreclosed if the applicable plan prohibits assignments through an unambiguous anti-assignment clause. *See Am. Orthopedic & Sports Med.*, 890 F.3d at 453 (holding that anti-assignment clauses in ERISA plans are generally enforceable); *accord Univ. Spine Ctr. v. Aetna, Inc.*, 774 F. App'x 60, 64 (3d Cir. 2019) (enforcing anti-assignment provision that "unambiguously prohibits assignment of [patient's] right to benefit payments").

Plaintiff does not dispute that the Plan contains an unambiguous anti-assignment clause. Instead, he contends that he has standing to sue under ERISA because John D. executed a valid power of attorney. (*See* ECF 22, Opp. at 7-16 (arguing that "an anti-assignment clause in an ERISA plan does not impact a valid POA").) Plaintiff relies primarily on *American Orthopedic & Sports Medicine. v. Independence Blue Cross Blue Shield*, 890 F.3d 445 (3d Cir. 2018), where the Third Circuit joined its sister circuits in holding that unambiguous anti-assignment clauses in ERISA plans are valid and enforceable. The Third Circuit addressed the issue again in *Plastic Surgery Center, P.A. v. Aetna Life Insurance Co.*, 967 F.3d 218 (3d Cir. 2020). The Court acknowledged that "[w]hile we left open the possibility that a patient could grant her provider a valid power of attorney to pursue claims for benefits on her behalf, for most out-of-network providers, the rising prevalence of anti-assignment provisions signals the proverbial end of the road for relief under section 502(a)." *Id.* at 228-29 (internal citations and quotations omitted). After the Third Circuit's decisions in *American Orthopedic* and *Plastic Surgery*, district courts have recognized that a valid power of attorney can, under the appropriate circumstances, trump an unambiguous anti-assignment clause in an ERISA plan. *See, e.g.*, *Abramson v. Aetna Life Ins. Co.*, No. 22-05092, 2023 WL 3199198, at *8 (D.N.J. May 2, 2023) (Martinotti, J.) (denying motion to dismiss on standing grounds where physician brought claim on behalf of patient through a duly-authorized power of attorney); *Atl. Neurosurgical Specialists P.A. v. United Healthcare Grp. Inc.*, No. 20-13834, 2022 WL 970317, at *8 (D.N.J. Mar. 31, 2022) (McNulty, J.) (finding individual doctors had standing to sue as patients' attorneys-in-fact where complaint alleged they were proceeding under powers of attorney); *Somerset Orthopedic Assocs., P.A. v. Horizon Healthcare Servs., Inc.*, No. 19-8783, 2021 WL 3661326, at *5 (D.N.J. Aug. 18, 2021) (Vazquez, J.) (rejecting defendants' standing arguments where plaintiff-physicians asserted claims as attorneys-in-fact for patients);

*but see Lipani v. Aetna Life Ins. Co.*, No. 22-2634, 2023 WL 3092197, at *7 (D.N.J. Apr. 26, 2023) (Quraishi, J.) (granting motion to dismiss for lack of standing where complaint sought to enforce physician's rights, rather than the rights of his patient, and there was no allegation that the patient suffered any harm); *Tamburrino v. UnitedHealth Grp. Inc.*, No. 21-12766, 2022 WL 1213467, at *4 (D.N.J. Apr. 25, 2022) (Wigenton, J.) (finding plaintiff-physician lacked ERISA standing where purported power of attorney allowed physician "to pursue B.W.'s claims as if they were his own, rather than on B.W.'s behalf" and was therefore an assignment of benefits); *O'Brien v. Aetna, Inc.*, No. 20-05479, 2021 WL 689113, at *3 (D.N.J. Feb. 23, 2021) (Kugler, J.) (finding attorneys-in-fact lacked standing where they were litigating "on their own behalf and for their own benefit," rather than for the benefit of their patients).

Currently, Plaintiff's standing argument fails because he has not provided the Court with evidence that John D.'s power of attorney is sufficient to confer standing under New Jersey law. The sufficiency of a power of attorney is governed by the New Jersey Revised Durable Power of Attorney Act, N.J. Stat. Ann. § 46:2B-1, *et seq.* ("RDPAA"), which provides that "[a] power of attorney must be in writing, duly signed and acknowledged in the manner set forth in [N.J. Stat. Ann. §] 46:14-2.1." N.J. Stat. Ann. § 46:2B-8.9. In turn, N.J. Stat. Ann. § 46:14-2.1 requires the power of attorney's "maker" to "appear before an officer . . . and acknowledge that it was executed as the maker's own act." *Id.* § 46:14-2.1(a). To "prove" the power of attorney, a witness must similarly "appear before an officer . . . and swear that he or she witnessed the maker of the instrument execute the instrument as the maker's own act." *Id.* § 46:14-2.1(b). Moreover, the officer must sign a certificate that includes several details, such as the officer's name and title, the date of execution, whether the maker and witness appeared personally before the officer, and

5

whether the officer was satisfied that "the person who made the acknowledgment or proof was the maker of or the witness to the instrument." *Id.* § 46:14-2.1(c).

The Second Amended Complaint generally alleges that John D. signed a power of attorney but does not provide further details regarding the document, its execution, or relevant witnesses. (ECF 11, SAC ¶¶ 49-50.) The complaint also pleads a legal conclusion that the power of attorney is valid under the RDPAA. (*Id.*) The power of attorney is notarized by a New Jersey notary public, who certified that (1) John D. "personally appeared" before him on April 19, 2023 in the "County of Ocean"; and (2) he was "satisfied that [John D.] . . . was the maker of . . . the instrument." (ECF 11, SAC, Ex. J at 3.) However, as in *Emami v. Community Insurance Co.*, the power of attorney lacks a notarized signature of an attesting witness, which is required to "prove" the document under N.J. Stat. Ann. § 46:14-2.1(b). No. 19-21061, 2021 WL 4150254, at *2 (D.N.J. Sept. 13, 2021) (Salas, J.); *see also Emami v. Aetna*, No. 22-6115, 2023 WL 5370999, at *5 (D.N.J. Aug. 22, 2023) (Hayden, J.). The plain language of the RDPAA provides that "a subscribing witness shall appear before an officer . . . and swear that he or she witnessed the maker" execute the power of attorney. N.J. Stat. Ann. § 46:14-2.1(b). As such, the individual who notarized John D.'s power of attorney cannot act as both officer and witness. *See J by Sorotzkin v. Abaline Paper Prods., Inc.*, No. 20-08234, 2021 WL 2177547, at *3 (D.N.J. May 27, 2021) (granting motion to dismiss for lack of standing where proffered power of attorney did not include notarized signature of witness); *accord Am. Orthopedic & Sports Med.*, 890 F.3d at 454, n.9 (recognizing that appellant's power of attorney was deficient under New Jersey law, specifically N.J. Stat. Ann. § 46:14-2.1(b), which requires "that there be at least one witness" to a power of attorney).

Further, the Court notes that to the extent that John D.'s power of attorney purports to appoint both Robert A. Kayal and Kayal Orthopaedic Center as attorneys-in-fact, (ECF 11, SAC,

6

Ex. J at 1), courts in this district have consistently held that medical practices are not permitted to act as attorneys-in-fact because they are neither "individuals" nor "qualified banks." *See Somerset Orthopedic Assocs., P.A. v. Horizon Healthcare Servs., Inc.*, No. 19-8783, 2020 WL 1983693, at *8 (D.N.J. Apr. 27, 2020) (Vasquez, J.) (finding that powers of attorney could not convey medical practices standing to assert claims on patient's behalf because "medical practices cannot act as attorneys-in-fact under the RDPAA"); *accord Atl. Neurosurgical Specialists P.A*, 2021 WL 3124313, at *9.

Because Plaintiff has not demonstrated that John D.'s power of attorney is sufficient to confer standing under New Jersey law, the complaint must be dismissed. The Court therefore does not reach the remaining arguments in favor of dismissal.

## IV.     CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (ECF 19) is **GRANTED**. The Second Amended Complaint (ECF 11) is dismissed without prejudice. An appropriate order follows. Plaintiff may file an amended pleading that is consistent with this Opinion within thirty (30) days of the date of the Opinion and the accompanying Order.

> */s/ Jamel K. Semper*
> **HON. JAMEL K. SEMPER**
> **United States District Judge**

Orig:  Clerk
cc:    André M. Espinosa, U.S.M.J.
       Parties